UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KHADIJEH KHATIB                                    CIVIL ACTION

VERSUS                                             NUMBER: 19-12650

JEFFERSON PARISH PUBLIC                            SECTION: "T"(5)
SCHOOL SYSTEM, ET AL.

**ORDER ON MOTION**
**MARCH 2, 2021**

APPEARANCES:

MOTION:

(1)     Plaintiff's Motion for Reconsideration of Order Granting Defendant's Request for
        Protective Order and Motion to Quash (Rec. doc. 67).

_____:       Continued to

_____:       No opposition.

___1___:        Opposition.

                                    **ORDERED**

_____:       Dismissed as moot.

_____:       Dismissed for failure of counsel to appear.

_____:       Granted.

___1___:        Denied.  Motions for reconsideration are not recognized by the Federal Rules
                of Civil Procedure but are nevertheless to be considered under Rules 54(b),
                59, or 60.  *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 173
                (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37
                F.3d 1069 (5th Cir. 1994).  When a party seeks  reconsideration of an order
                that adjudicates fewer than all of the claims among the parties, Rule 54(b)
                controls.  *Gulf Fleet Tiger Acquisition v. Thoma-Sea Ship Builders*, 282 F.R.D.
                146, 152 (E.D. La. 2012).  In the Eastern District, the general practice has
                been to evaluate Rule 54(b) motions to reconsider interlocutory orders
                under the same standards that govern Rule 59(e)  motions to alter or amend
                a final judgment.  *Id.* at 152.  The following four factors are generally
                considered in deciding a motion under the Rule 59(e) standard:  1) the
                motion is necessary to correct a manifest error of law or fact upon which the

judgment is based; 2) the movant presents newly discovered or previously unavailable evidence; 3) the motion is necessary in order to prevent manifest injustice; or, 4) the motion is justified by an intervening change in controlling law. *Id.* at 152-53. Rule 59(e) serves the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence. *Advocate Int'l, LP v. Horizon Labs, Inc.*, 524 F.3d 679, 691 (5th Cir. 2008). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Blythe v. Offshore Service Vessels, L.L.C.*, 423 F.Supp. 3d 299, 304 (E.D. La. 2019).

Applying the above principles to the matter at hand, reconsideration is not warranted here. As noted in the Court's order of January 25, 2021 (rec. doc. 62), the discovery sought by Plaintiff would not become due until after the discovery deadline of January 8, 2021 (rec. doc. 49, p. 2), a deadline that has not been extended, thus making the discovery requests untimely. Unfortunately, the filing of Plaintiff's motion to extend the discovery deadline or, alternatively, for a status conference (rec. doc. 56) did not, in and of itself, operate to suspend or extend that deadline. The other reasons cited by Plaintiff fail to rise to the level needed to justify the extraordinary remedy of Rule 59(e). *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.), *cert. denied*, 543 U.S. 973, 125 S.Ct. 411 (2004). As Plaintiff has not established a manifest error of law or fact or pointed to newly discovered evidence, her motion for reconsideration is denied. As noted in the Court's order of January 25, 2021, Plaintiff may re-issue the discovery requests if the discovery deadline is extended by the District Judge.

_____:   Other.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

2